1
2
3
4
5
6                UNITED STATES DISTRICT COURT

7                EASTERN DISTRICT OF WASHINGTON

8

9   EDWARD MAHONEY, an individual,        No. 4:16-cv-05101-SAB
    and RACHEL PERRY, an individual,
10

11          Plaintiffs,                   **ORDER GRANTING**

12          v.                            **DEFENDANTS' MOTION TO**
                                          **DISMISS; REMANDING CASE**
13   CITY OF PASCO, a Municipality; TRI   **TO FRANKLIN COUNTY**
14   CITIES ANIMAL SHELTER AND            **SUPERIOR COURT**
     CONTROL SERVICES, a Department of
15   the City of Pasco; TRI CITIES ANIMAL
     SHELTER AND CONTROL SERVICES
16   DIRECTOR ANGELA ZILAR in her
17   official capacity as well as her individual
     capacity and her spouse, JOHN DOE
18   ZILAR individually; TRI CITIES
19   ANIMAL SHELTER AND CONTROL
     SERVICES OFFICER WILLIAM SUHR
20   in his official capacity as well as his
21   individual capacity and his spouse JANE
     DOE SUHR individually; and TRI CITIES
22   ANIMAL SHELTER AND CONTROL
23   SERVICES OFFICER REBECCA
     HOWARD in her official capacity as well
24   as her individual capacity and her spouse
25   JOHN DOE HOWARD individually; and
26   Does 1-10.

27          Defendants.

28
    **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS;**
    **REMANDING CASE TO FRANKLIN COUNTY SUPERIOR COURT ~ 1**

Before the Court is Defendants' Motion to Dismiss for Failure to State a Claim, ECF No. 6. The motion was heard without oral argument. Plaintiffs are represented by Jeffrey Johnson. Defendants Tri Cities Animal Shelter and Control Services ("TCAS") and its employees are represented by Eron Zachary Cannon. Defendant City of Pasco is represented by Kenneth Harper.

The following facts are taken from Plaintiff's Complaint:

In 2014, Defendant City of Pasco's Municipal Code made it unlawful for any person to knowingly refuse to redeem an animal. Pasco Municipal Codes § 8.02.130(2). A violation of this provision was a gross misdemeanor crime punishable up to one year in jail and/or a $5,000 fine.[1] The Code directs TCAS Officers, when impounding an animal, to identify the animal's owner and provide written notice of impound to such owner when feasible. PMC 8.02.060. Once the animal's owner is determined, there is a time period upon which the determined owner must redeem the dog. If not redeemed, the determined owner is charged criminally. PMC 8.02.010; 8.02.060-080.

Plaintiff Edward Mahoney and Plaintiff Rachel Perry were criminally charged by the City of Pasco under these provisions. Plaintiff Edward Mahoney was contacted about a dog that was located by TCAS. He told the TCAS officer that his family gave the dog away about four years prior. Regardless, Defendant TCAS Officer William Suhr served Plaintiff Mahoney an impound notice declaring him the owner and stating if the dog was not redeemed in three days, it would be sold, adopted or destroyed. The notice did not provide any process for contesting the declaration nor did it provide any warning of criminal prosecution for failure to redeem.

---

[1] This provision was amended in January, 2016. The amendment made a first offense violation a civil infraction and subsequent offense remains criminal.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; REMANDING CASE TO FRANKLIN COUNTY SUPERIOR COURT ~ 2**

Plaintiff Mahoney did not redeem the animal and he was criminally charged by Defendant City of Pasco. His case was set for trial. The City offered to settle by having him enter into a contract where he would pay TCAS restitution—the amount determined by TCAS—and the charge would eventually be dismissed. Plaintiff Mahoney rejected the offer. On the eve of trial, the City dismissed the charge without explanation.

Similar events happened to Rachel Perry. There was a problem with a dog in her neighborhood and TCAS officers were called. Plaintiff Perry told the TCAS officer that she was not the owner of the dog, but she was watching the dog for a few hours while her friend was in school, and she also explained that her friend found the sick dog in a ditch and was making efforts to find the owner. That said, the TCAS served Plaintiff Perry with a notice of impound declaring her the owner and stating if the dog was not redeemed within six days, it would be sold, adopted or destroyed. Again, the notice did not provide any process for contesting the declaration nor did it provide any warning of criminal prosecution for failure to redeem.

Neither Plaintiff Perry nor her friend redeemed the dog. Plaintiff Perry was criminally charged by Defendant City of Pasco. She rejected Defendant's offer to enter into a contract where she would pay TCAS restitution—the amount to be determined by TCAS—and the charge would eventually be dismissed. On the eve of trial, the City dismissed the charge without explanation.

Plaintiffs brought suit in Franklin County Superior Court alleging (1) Procedural Due Process Violations; (2) PDP/Void for Vagueness doctrine; (3) Abuse of Criminal Process; and (4) violation of Substantive Due Process. Plaintiffs are seeking economic and noneconomic damages, including damage to reputation and are also seeking injunctive and declaratory relief. Defendants removed the action to the Eastern District of Washington and are asking the Court to dismiss the action.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; REMANDING CASE TO FRANKLIN COUNTY SUPERIOR COURT ~ 3**

**MOTION STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to seek dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The court accepts all factual allegations in the complaint as true and construes them in the light most favorable to the nonmoving party, except the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot be reasonably drawn from the facts alleged. *Id.*

The court must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on a 12(b)(6) motion to dismiss, *i.e.*, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

**42 U.S.C. § 1983**

To state a claim under section 1983, Plaintiffs must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015). Section 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). The first step in any such claim, then, is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; REMANDING CASE TO FRANKLIN COUNTY SUPERIOR COURT ~ 4**

**Analysis**

Plaintiff is asserting federal causes of actions rooted in the due process clause of the Fourteenth Amendment. The Due Process provides "a guarantee of fair procedure in connection with any deprivation of life, liberty, or property" by the government. *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992).

At the heart of Plaintiffs' procedural due process claim is that there are no procedures for challenging the ownership of the dog prior to being criminally charged for failure to redeem the dog. In order to succeed with their procedural due process claim, Plaintiffs must allege two elements: (1) a protectable liberty or property interest; and (2) a denial of adequate procedural protections. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1164 (9th Cir. 2005). There is a strong presumption that an individual is entitled to notice and an opportunity to be heard at a meaningful time and in a meaningful manner before being deprived of a liberty or property interest. *Orloff v. Cleland*, 708 F.2d 372, 379 (9th Cir. 1983); *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Here, Plaintiffs have not shown they have a property interest at stake. They deny ownership of the dogs, so there is no protected property at issue. Even if the dogs were owned by Plaintiffs, however, they have not alleged a procedural due process violation. Plaintiffs believe they are entitled to notice and opportunity to be heard after they received the impound notice so they could challenge the finding that they were the dog owners. However, a person does not have a liberty interest in not being falsely charged with being a dog owner. The receipt of the notice and being charged with a crime does not result in any significant pretrial restraint of liberty, and thus, no procedural due process protections.

Additionally, Plaintiffs were afforded the process to which they were due. They challenged the impound and criminal process by proceeding to trial, which provided an avenue to litigate all the issues, including the ownership of the dog in

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; REMANDING CASE TO FRANKLIN COUNTY SUPERIOR COURT ~ 5**

question. The fact that the charges were dismissed demonstrates that the process worked for them.

Also, the facts alleged do not suggest the TSCA officers were arbitrarily enforcing this provision against unsuspecting persons. With respect to Plaintiff Mahoney, the TSCA officers utilized the information contained in the chip implanted in the dog, and with respect to Plaintiff Perry, she admitted to temporary possession of the dog. These facts provided probable cause for TSCA officers to proceed against Plaintiffs.

Plaintiffs have not alleged facts that implicate substantive due process. The protections of substantive due process have been, for the most part, accorded to matters relating to marriage, family, procreation, and the right to bodily integrity. *Albright v. Oliver*, 510 U.S. 266, 272 (1994). The Court declines to extend substantive due process protections to dog owners against a municipality's enforcement of its dog impound ordinances. *Id.* (explaining that courts should be reluctant to expand the concept of substantive due process).

Plaintiffs do not have standing to challenge the newly amended ordinance on the basis that the ordinance is void for vagueness. Article III of the Constitution limits the exercise of federal judicial power to actual cases and controversies. *Los Angeles v. County of Kern*, 581 F.3d 841, 845 (9th Cir. 2009). Litigants are required to demonstrate a "personal stake in the outcome" of a case to guarantee the "concrete adverseness which sharpens the presentation of issues' necessary for proper resolution of constitutional questions. *Baker v. Carr*, 369 U.S. 186, 204 (1962). To the extent Plaintiffs are bringing a pre-enforcement challenge to the amended ordinance, they have not alleged sufficient facts for their claim to proceed. In such a case, the Court needs to consider: (1) whether Plaintiffs have failed to allege a reasonable likelihood that the Government will enforce the challenged law against them; (2) whether Plaintiffs have failed to allege, with some degree of concrete detail, that they intend to violate the challenged law; and

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; REMANDING CASE TO FRANKLIN COUNTY SUPERIOR COURT ~ 6**

(3) whether the challenged law is inapplicable to Plaintiffs, either by its terms or as interpreted by the Government. *See Lopez v. Candaele*, 630 F.3d 775, 785 (9th Cir. 2010). Plaintiffs have not alleged a credible threat of adverse state action sufficient to establish standing.

Plaintiffs have failed to allege sufficient facts showing that their constitutional rights were violated. As such, all of Plaintiffs' federal claims are dismissed, and the Court declines to exercise supplemental jurisdiction over the remaining state law claim. *See* 28 U.S.C. § 1367(c)(3).

Accordingly, **IT IS HEREBY ORDERED**:

1.  Defendants' Tri Cities Animal Shelter et al.'s Motion to Dismiss for Failure to State a Claim, ECF No. 6, is **GRANTED**.

2.  Plaintiffs' Motion for Summary Judgment, ECF No. 9, is **DENIED**, as moot.

3.  The above-captioned case is **remanded** to Franklin County Superior Court.

**IT IS SO ORDERED.**  The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 17th day of October, 2016.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS;
REMANDING CASE TO FRANKLIN COUNTY SUPERIOR COURT ~ 7**